UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND, *et al.,*

    Plaintiffs,

v.

Case No. 09-10706

Hon. John Corbett O'Meara

MUNICIPAL & INDUSTRIAL STORAGE, INC.,
a Michigan corporation, and AL LETTINGA,
individually,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is Plaintiffs' motion for partial summary judgment against Defendant Municipal & Industrial Storage, Inc., filed May 26, 2009. Defendant submitted a response on June 16, 2009; Plaintiffs' filed a reply brief on June 24, 2005. The court heard oral argument on July 23, 2009, and took the matter under advisement.

Plaintiffs are various fringe benefit funds that have sued Municipal and Industrial Storage, Inc. ("Municipal"), and Al Lettinga for delinquent fringe benefit contributions under ERISA. Plaintiffs allege, in a properly supported motion, that Municipal owes $77, 306.92 in contributions for the time period January 4, 2009, through May 17, 2009. See Pl.'s Ex. C. Plaintiffs seek partial summary judgment against Municipal for that amount. Plaintiffs do not seek summary judgment against Lettinga.

Municipal does not dispute that it owes some amount under the applicable collective bargaining agreement.  Rather, Municipal disputes that it owes $77,306.92.  Municipal does not, however, challenge Plaintiffs' calculations in any concrete or meaningful way.  Municipal has not provided the court with any affidavit or other evidence indicating what amounts it has paid Plaintiffs and what, from its perspective, is due.  Municipal cannot withstand a motion for summary judgment by offering bare denials of liability.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (party opposing summary judgment must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the non-moving party).  Accordingly, the court will grant Plaintiffs' motion for summary judgment with respect to liability and damages.

Plaintiffs also seek the immediate entry of judgment against Municipal, although the claims against Al Lettinga have not been resolved.  Plaintiffs have not cited any legal authority for the entry of a partial judgment at this stage of the proceedings.  The court is not persuaded that the entry of a partial judgment against Municipal is proper, particularly since the parties have not briefed the issue of whether the requirements of Rule 54(b) have been met.  See Fed. R. Civ. P. 54(b) (final judgment may be entered on fewer than all claims or against fewer than all parties "only on an express determination that there is no just reason for delay"); see generally 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2656 (3d ed. 1998) (discussing general requirements for entry of judgment pursuant to Rule 54(b)).  The court will enter judgment in this matter when all claims against all parties have been resolved.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' May 26, 2009 motion for partial summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

s/John Corbett O'Meara<br>United States District Judge

Date:  July 29, 2009

 

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 29, 2009, by electronic and/or ordinary mail.

s/William Barkholz<br>Case Manager